IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLIM MANAI,<br><br>    Plaintiff,<br><br>v.<br><br>ELVIN VALENZUELA,<br><br>    Respondent._____/ | No. C 12-04399 CRB<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |

Petitioner Slim Manai, a state prisoner incarcerated at the California Men's Colony State Prison in San Luis Obispo, California, previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See generally Amended Pet. (dkt. 17). Before the Court is Respondent's Motion to Dismiss Petitioner's habeas corpus petition as untimely. Mot. to Dismiss ("MTD") (dkt. 23) at 1. Because Petitioner is entitled to equitable tolling for the period in which he did not have access to his legal file due to his placement in mental health treatment programs, the Court finds that Petitioner's habeas petition is timely and DENIES Respondent's Motion.

## I.   BACKGROUND

After a jury convicted Petitioner on numerous counts of criminal conduct, Petitioner was sentenced to life in state prison on November 8, 2007. See MTD Ex. 1 at 16. The California Court of Appeal affirmed Petitioner's convictions on November 16, 2011, id. at 46, and the California Supreme Court denied his petition for review on February 23, 2011,

1 MTD Ex. 3.  Because Petitioner did not file a petition for certiorari with the Supreme Court
2 of the United States, his conviction became final on May 24, 2011.  See 28 U.S.C. 2101(d);
3 Rules of the Supreme Court of the United States, Rule 13 (petitions for certiorari to review a
4 judgment must be filed with ninety days after entry of the judgment).  As a result, the one-
5 year statute of limitations for Petitioner's filing of a federal habeas petition expired on
6 May 23, 2012.

7 Petitioner originally filed a habeas petition on July 7, 2012.  See Pet. (dkt. 1).  In the
8 original petition, Petitioner states that, because of his mental health condition and a recent
9 suicide attempt, he was placed in mental health treatment programs at Pleasant Valley State
10 Prison, California Medical Facility, Salinas Valley State Prison, and California's Men
11 Colony from April 21, 2011 through June 6, 2012.  Pet. at 43-44.  Petitioner provides greater
12 detail in his later Declaration, stating that he attempted to commit suicide while in custody,
13 first in March 2011 and then in April 2011 (the latest of several suicide attempts since his
14 March 2006 arrest).  Manai Decl. (dkt. 31) ¶ 3.  He asserts that he could not access his legal
15 file from April 20, 2011 to June 6, 2012, except for ten days in May 2012.  Id.¶ 11.  Prison
16 regulations prohibited inmates housed in the mental health treatment programs from
17 possessing personal property.  Opp'n at 3; Manai Decl. ¶ 11.  Petitioner also states that, due
18 to prison regulations, he was permitted very limited access to a writing instrument and to the
19 law library during that time period.  Manai Decl. ¶¶ 12, 13.  Finally, Petitioner explains that
20 he gained access to his legal file after his release from the mental health treatment programs
21 on June 6, 2012, and filed his petition on July 7, 2012.  Id. ¶ 15.

22 **II.  DISCUSSION**

23 Petitioner and Respondent agree that, absent tolling, the statute of limitations for filing
24 a habeas petition expired in Petitioner's case on May 23, 2012, one year after his judgment
25 became final.  See Opp'n (dkt. 29) at 5; MTD at 3.  Petitioner states that he filed his petition
26 on July 7, 2012—the date that he deposited it with prison authorities for mailing.  Opp'n at 5.
27 Respondent states that Petitioner filed his petition on August 21, 2012—the date that the
28

2

1 Court stamped it as filed.[1]  MTD at 3.  Thus, Respondent moves to dismiss the petition as
2 untimely, stating that (1) "there is no statutory tolling that would permit this current federal
3 Petition to be considered timely," and (2) Petitioner fails to show that an extraordinary
4 circumstance beyond his control prevented him from filing a timely petition.  MTD at 3-4.  In
5 response, Petitioner argues that (1) he is entitled to equitable tolling because of his lack of
6 access to his legal file, (2) he is entitled to equitable tolling because of a combination of
7 extraordinary circumstances that prevented him from timely filing his petition, and (3) the
8 statute of limitations did not commence until June 6, 2012, when the state-created
9 impediment to accessing his legal file was removed.  See generally Opp'n.  As discussed
10 below, the Court finds that Petitioner's lack of access to his legal file for almost the entirety
11 of the one-year limitations period entitles Petitioner to equitable tolling for that period.
12 Accordingly, Petitioner's habeas petition is timely, and the Court DENIES Respondent's
13 Motion to Dismiss.  The Court does not reach Petitioner's "state-created impediment"
14 argument.

15 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
16 statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.
17 Petitions filed by prisoners challenging non-capital state convictions or sentences must be
18 filed within one year of the latest of the date on which: (1) the judgment became final after
19 the conclusion of direct review or the time passed for seeking direct review; (2) an
20 impediment to filing an application created by unconstitutional state action was removed, if
21 such action prevented petitioner from filing; (3) the constitutional right asserted was
22 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court
23 and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

---

[1] Under the mailbox rule, a pro se prisoner's filing is deemed filed on the date of its submission to prison authorities for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Because Petitioner was not represented by counsel at the time of filing his habeas petition, the Court finds that Petitioner filed the habeas petition on July 7, 2012.  See Manai Decl. ¶ 15.  In either event, whether Petitioner's filing date was July 7, 2012, or August 21, 2012, is immaterial, as Petitioner is entitled to equitable tolling for a time period encompassing both dates.

3

1 could have been discovered through the exercise of due diligence.  See 28 U.S.C.
2 § 2244(d)(1).

3    The one-year limitation period may be equitably tolled if "extraordinary
4 circumstances beyond a prisoner's control make it impossible to file a petition on time."  Roy
5 v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citation omitted).  Equitable tolling is not
6 available in most cases, and the threshold necessary to trigger equitable tolling under
7 AEDPA is very high.  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  In seeking
8 equitable tolling, Petitioner bears the burden of showing (1) that he has been pursuing his
9 rights diligently, and (2) that some extraordinary circumstance stood in his way.  See Pace v.
10 DiGuglielmo, 544 U.S. 408, 418 (2005).  The Court addresses these two requirements in
11 turn.

12    **A.    Diligence**

13    First, the Court finds that Petitioner diligently pursued the filing of his habeas petition.
14 To satisfy this showing, Petitioner states that he deposited his petition with the prison
15 authorities on July 7, 2012, barely over a month after gaining access to his legal file.  Manai
16 Decl. ¶ 15.  Further, Petitioner explains that he submitted two letters to the California Court
17 of Appeal inquiring about an extension of the deadline to file his federal habeas petition.  Id.
18 ¶ 14.  The first letter requested information about the filing process, see id. Ex. A, and the
19 second letter described Petitioner's lack of access to his legal files and requested an
20 extension of time, see id. Ex. B.  Petitioner's actions show that he diligently pursued his
21 rights despite his lack of access to his legal file; moreover, his filing of the habeas petition
22 just over a month after obtaining his legal file further demonstrates his diligence.  In addition,
23 Petitioner was proceeding pro se at the time of filing his habeas petition.  See Roy, 465 F.3d
24 at 970 ("[E]ven though pro se status alone is not enough to warrant equitable tolling, it
25 informs and colors the lens through which we view the filings, and whether these filings
26 made sufficient allegations of diligence.").  As a result, the Court finds that Petitioner has
27 satisfied his burden of showing diligence in pursuit of his rights.  See also Lott v. Mueller,
28 304 F.3d 918 (9th Cir. 2002) (remanding to the district court after finding that petitioner

4

1 would be entitled to equitable tolling when petitioner filed a habeas petition within six or
2 eight weeks, depending on the applicability of the mailbox rule, of gaining access to his legal
3 file); Espinoza-Matthews v. California, 423 F.3d 1021 (9th Cir. 2005) (prisoner-petitioner
4 who repeatedly requested access to his legal file and failed to file his petition within the
5 statute of limitations after later obtaining his legal file entitled to equitable tolling).

### B. Extraordinary Circumstances

Second, the Court finds that Petitioner's lack of access to his legal file constitutes an "extraordinary circumstance beyond [Petitioner's] control" that prevented him from timely filing his petition. The Ninth Circuit's opinion in Espinoza-Matthews is instructive on this issue. "For nearly 11 months, despite his diligence, Espinoza-Matthews could not obtain his legal papers. After his release from [Administrative Segregation], Espinoza-Matthews had only slightly over a month with his legal file to try to prepare a proper petition. Under these circumstances Espinoza-Matthews is entitled to equitable tolling." Espinoza-Matthews, 432 F.3d at 1028. Much like the petitioner in Espinoza-Matthews, Petitioner had no access to his legal file for nearly the entirety of the one-year statute of limitations. See generally Manai Decl. Further, while the petitioner in Espinoza-Matthews "had slightly over a month with his legal file to try to prepare a proper petition," 432 F.3d at 1028, Petitioner lacked access to his legal file throughout the entire one-year AEDPA period, except for ten days, id. ¶ 11. As a result, Petitioner is entitled to equitable tolling. See Espinoza-Matthews, 432 F.3d at 1027-28 ("[I]t is unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.") (citation and quotation marks omitted).

Petitioner also asserts that other "extraordinary circumstances" prevented him from the timely filing of his petition. For example, Petitioner states that "he was allowed access to [a] pen only under the supervision of staff, during limited day room time." Manai Decl. ¶ 12. Likewise, Petitioner states "it would often take a month until [he] would be schedule for library time" and, when he was finally able to access the library, he was limited to "two-to-three" hours. Id. ¶ 13. As a result, Petitioner argues that he is entitled to equitable tolling

5

1 due a combination of these "extraordinary circumstances." MTD at 8 (citing Lott, which
2 states that the determination of equitable tolling may "involve the confluence of numerous
3 factors beyond the prisoner's control"). These additional circumstances, when considered
4 together with Petitioner's lack of access to his legal file, further persuade the Court that
5 Petitioner is entitled to equitable tolling.

### C. Respondent's Arguments

Respondent's arguments to the contrary are unpersuasive.

Respondent's Motion focuses too narrowly on Petitioner's mental condition while failing to recognize the implications of his condition. For example, Respondent cites to Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014), in which the Ninth Circuit held that a prisoner-petitioner was not entitled to equitable tolling because of his mental condition, limited English proficiency, and lack of diligence in pursuing relief. See MTD at 4. Here Petitioner does not actually contend that it was his mental condition that caused the untimeliness of his petition; rather, he contends that the prison regulations during his confinement in the mental treatment programs restricted his access to his legal file and thus prevented his timely filing. Opp'n at 6-7. That the petitioner in Yeh was found to have an insufficiently severe mental impairment is therefore beside the point.

Respondent cites to Yeh again in its Reply, arguing that Petitioner fails to demonstrate exceptional circumstances because of everything he was able to accomplish during his thirteen and a half months in the mental treatment programs. See Reply (dkt. 32) at 2. But unlike the petitioner in Yeh, who managed to file state habeas petitions in three different California venues during the time for which he sought equitable tolling, or the petitioner in Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010), who "managed to file several petitions for post-conviction relief in state court" during the time for which he sought equitable tolling, Petitioner's accomplishments here consisted of (1) prevailing on a one page inmate grievance about a missing neck chain, and (2) sending two letters to the state court explaining that he was in a mental health unit, asking how to obtain an extension of time for his federal habeas petition, and asking when it was due. See Reply at 2; Turner Decl. Att. A;

6

1 Manai Decl. Exs. A, B. This is hardly evidence that Petitioner could have successfully accessed his legal materials and the other necessary physical resources, and then researched,[2] composed and filed his federal habeas petition.[3]

Because Petitioner lacked access to his legal file from April 20, 2011 to May 7, 2012, and from May 17, 2012 to June 6, 2012, Petitioner is entitled to equitable tolling of the statute of limitations for those periods. As a result, the Court finds that Petitioner's federal habeas petition was timely, regardless of the applicability of the mailbox rule.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Respondent's Motion to Dismiss. Accordingly, Respondent shall file with this Court and serve upon Petitioner, within sixty (60) days of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial and appellate record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If the Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it upon Respondent within thirty (30) days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: August 19, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] As Petitioner points out, the letters "clearly show that the conditions of [Petitioner's] placement had a severely restrictive effect on his ability to research the relevant law–even such a basic issue as the AEDPA statute of limitations–and prepare a federal habeas petition." See Opp'n at 11.

[3] The Court does not address Respondent's argument about statutory tolling.

G:\CRBALL\2012\4399\order MTD (untimely).wpd                7